IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone Perry, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:24-75-BHH |
| v. ) | |
| ) | **ORDER** |
| Warden Terri Wallace, Kuturch ) | |
| Gause, Ester Labrador, Andrew ) | |
| Hedgepath, Bonnie Degraffenreid, ) | |
| LeiAnn Boards, Heather Martin, ) | |
| Vanessa Harris, Nichole Johnson, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Tyrone Perry's ("Plaintiff") pro se complaint filed pursuant to 42 U.S.C. § 1983, along with his motion for a temporary restraining order (ECF No. 20). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary review.

On February 26, 2024, Magistrate Judge Kevin F. McDonald issued a Report and Recommendation ("Report") outlining the issues and recommending that the Court deny Plaintiff's motion for a temporary restraining order. In his Report, the Magistrate Judge explained the applicable substantive standards for granting a request for a temporary restraining order and ultimately found that Plaintiff has failed to make a clear showing that he is likely to succeed on the merits of his claims. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. On

March 6, 2024, Plaintiff filed objections, and on March 7, he filed exhibits in support of his motion for a temporary restraining order. (ECF Nos. 23, 25.) After review of the materials submitted by Plaintiff, however, the Court finds that Plaintiff does not point to any error in the Magistrate Judge's legal analysis. Rather, Plaintiff merely rehashes his claims and asserts that Defendants are depriving him of access to his medical records and to proper medical care.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, the Court has thoroughly reviewed Plaintiff's objections and the additional materials submitted by Plaintiff. After *de novo* review, the Court finds no merit to Plaintiff's objections and agrees with the Magistrate Judge, for the reasons set forth in the Report, that Plaintiff has not made the requisite *clear* showing that he is likely to succeed on the merits of his claims. Accordingly, the Court finds that Plaintiff is not entitled to a temporary

restraining order at this time.

## CONCLUSION

Accordingly, the Court **overrules** Plaintiff's objections (ECF No. 23); the Court **adopts** the Magistrate Judge's Report (ECF No. 21); and the Court **denies** Plaintiff's motion for a temporary restraining order (ECF No. 20).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

April 2, 2024
Charleston, South Carolina