IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone Perry, )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>Warden Terri Wallace, Kurutch Gause, )<br>Ester Labrador, Andrew Hedgepath, )<br>Bonnie Degraffenreid, LeiAnn Boards, )<br>Heather Martin, Vanessa Harris, )<br>Nichole Johnson, Melanie Monroe, )<br>Patricia Campbell, N.P. Smith, )<br>)<br>        Defendants. )<br>_____) | Civil Action No. 6:24-cv-75-BHH<br><br>**<u>ORDER</u>** |

        This matter is before the Court upon Plaintiff's pro se amended complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 36.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.

        On May 17, 2024, Magistrate Judge Kevin F. McDonald issued a Report and Recommendation ("Report") reviewing Plaintiff's amended complaint and finding that Plaintiff's claims for medical indifference regarding treatment for high blood pressure against Defendants Vanessa Harris ("Harris"), Heather Martin ("Martin"), and LeiAnn Boards ("Boards") are sufficient to survive pre-screening review. (ECF No. 57.) The Magistrate Judge further found that the remainder of Plaintiff's claims in the amended complaint fail to state a claim upon which relief may be granted and are subject to dismissal. (*Id.*)

        Attached to the Magistrate Judge's Report was a notice advising Plaintiff of his right

to file written objections to the Report within fourteen days of being served with a copy. After being granted an extension of time, Plaintiff filed objections to the Report on June 7, 2024. (ECF No. 65.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In his objections, Plaintiff first objects to the Magistrate Judge's referral to Defendant Harris as "Nurse Harris" and asserts that she is a Correctional Officer. (ECF No. 65 at 1.) He also summarily objects to the Magistrate Judge's finding that all of Plaintiff's claims, aside from his medical indifference claims against Harris, Martin, and Boards, are subject to dismissal for failure to state a claim, and he asserts that the Magistrate Judge misconstrued the facts. (*Id.* at 2-3.) Plaintiff next objects to the Magistrate Judge's statement that Plaintiff alleged he was not scheduled for an initial medical review when he was transferred to Kirkland. According to Plaintiff, the Magistrate Judge misconstrued the situation, and he asserts that he is diagnosed as mentally ill and is therefore subject to different procedures and safeguards. (*Id.* at 4-5.) Plaintiff further objects to the Magistrate Judge's finding that Plaintiff does not allege any atypical and significant hardship and any injury from being around individuals with COVID-19, and he repeats his assertion that being exposed to COVID-19 rises to the level of a constitutional violation. (*Id.* at 6.) Plaintiff also

repeats his claim that medical screening upon arrival at Kirkland was required pursuant to policy, and he generally rehashes his claims pertaining to his high blood pressure. (*Id.* at 7-8.) Finally, Plaintiff objects to portions of page 9 of the Report and the entirety of page 11 of the Report. (*Id.* at 10-14.)

After *de novo* review, the Court finds Plaintiff's objections unavailing, and the Court finds no legal or factual error in the Magistrate Judge's analysis. As the Magistrate Judge properly determined, Plaintiff's medical indifference claims against Harris, Martin, and Boards, related to Plaintiff's high blood pressure, are sufficient to survive screening review, and those Defendants have now been served. However, the remainder of Plaintiff's claims are subject to dismissal for failure to state a claim. With respect to Plaintiff's claim that Defendants violated his constitutional rights by placing him with inmates testing positive for COVID-19, the Court agrees that Plaintiff has not alleged the violation of any federally protected liberty interest or any injury from his exposure to inmates with COVID-19. As to Plaintiff's claims that he was not provided medical screening when he arrived at Kirkland, that he was not tested for COVID-19 and was not given medical care after testing positive for COVID-19; that his blood pressure medication was stopped when he contracted COVID-19; and that SCDC employees did not use appropriate personal protective equipment when around inmates with COVID-19, do not amount to constitutional claims as a matter of law. Similarly, Plaintiff's claims regarding his grievances do not allege constitutional violations. Lastly, the Court agrees with the Magistrate Judge that Plaintiff's claims of retaliation are vague and conclusory and fail to meet the plausibility standard, and Plaintiff's complaint fails to state a plausible supervisory liability claim.

Based on the foregoing, **the Court adopts and incorporates the Magistrate**

**Judge's Report (ECF No. 57), and the Court overrules Plaintiff's objections (ECF No. 65).** Plaintiff's claims regarding his treatment for high blood pressure against Defendants Harris, Martin, and Boards may proceed, but the Court dismisses the remainder of Plaintiff's claims in his amended complaint with prejudice, without further leave to amend, and without issuance and service of process for all of the reasons set forth by the Magistrate Judge in the Report. (ECF No. 57.)

    **IT IS SO ORDERED.**

                                            /s/Bruce H. Hendricks
                                            United States District Judge

December 16, 2024
Charleston, South Carolina