IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone Perry, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:24-cv-75-BHH |
| v. ) | |
| ) | **ORDER** |
| LeiAnn Boards, Heather Martin, ) | |
| and Vanessa Harris, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court upon the motion for summary judgment filed by Defendants LeiAnn Boards ("Boards") and Vanessa Harris ("Harris") and the motion for summary judgment filed by Plaintiff Tyrone Perry ("Plaintiff" or "Perry"). (ECF Nos. 100, 133.) Also before the Court is a motion to strike filed by Boards and Harris and a number of other motions, affidavits, and declarations filed by Plaintiff, including motions for contempt against Defendants, a motion to clarify, a motion to strike Defendants' response, a motion for recusal, a motion for the Court to instruct the prison mail room, a motion to compel, a motion for additional discovery, a motion for sanctions, motions for default judgment against Defendant Heather Martin ("Martin"), a motion to be heard, and a motion for contempt. (*See*, *e.g.*, ECF Nos. 76, 83, 86, 87, 91, 92, 99, 103, 110, 142, 154, 161, 175, 176, 177.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary determinations.

On December 30, 2024, Magistrate Judge Kevin F. McDonald issued a Report and Recommendation ("Report"), outlining the issues and recommending: that the Court grant

the motion for summary judgment filed by Defendants Boards and Harris (ECF No. 100) and that grant summary judgment in favor of Defendant Heather Martin ("Martin") for the same reasons; that the Court deny Plaintiff's motion for summary judgment; and that the Court deny all of the other pending motions

Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. Plaintiff filed objections on January 7, 2025, along with several affidavits, two more motions for default judgment against Defendant Martin, a motion to be heard, and a motion for contempt. (ECF Nos. 158-63, and 175-77.) Defendants Boards and Harris filed a response to Plaintiff's objections; Plaintiff filed a reply; and the matter is ripe for review. (ECF Nos. 167, 170.) For the reasons set forth below, the Court adopts the Magistrate Judge's Report and overrules Plaintiff's objections.

## **BACKGROUND**

Plaintiff filed this action on January 5, 2024, and was informed by order filed March 12, 2024, that his complaint was subject to summary dismissal as to all claims aside from his claims for medical indifference against Defendants Boards, Martin, and Harris. (ECF No. 26.)

Plaintiff then filed an amended complaint on March 28, 2024, and he subsequently moved to amend his complaint again, but the motion was denied as futile. (ECF Nos. 36, 53, 55.) After reviewing Plaintiff's amended complaint, the Magistrate Judge authorized service of process as to Defendants Boards, Martin, and Harris with respect to Plaintiff's medical indifference claim regarding his treatment for high blood pressure. (ECF No. 56.) The Magistrate Judge also filed a Report recommending that all other claims and

Defendants be dismissed with prejudice. (ECF No. 65.) Plaintiff filed objections to that Report on June 7, 2024, but this Court overruled Plaintiff's objections and adopted that Report on December 16, 2024. (ECF No. 149.)

In his amended complaint, Plaintiff asserts that he was transferred in December 2021 to Kirkland Correctional Institute ("KCI") and was placed in their Choices Program, for which Defendant Boards is a nurse practitioner. (ECF No. 36 at 10-11.) According to Plaintiff, the nursing staff at KCI failed to perform an initial screening that would have shown he had triple-digit high blood pressure. (*Id.* at 11-12.) Plaintiff also alleges that his blood pressure medication was "discontinued" from December 2021 until February 2022 and that this caused him to suffer pain and permanent injury. (*Id.* at 12.) Plaintiff contends that on July 6, 2022, Defendant Martin forced him to ingest nine blood pressure pills that caused him to suffer a "light stroke." (*Id.*) He further contends that Defendant Boards improperly crushed his time-released medications. (*Id.* at 13.) Also according to Plaintiff, Defendant Harris refused to allow medical staff to check his blood pressure daily. (*Id.*) Plaintiff asserts that he filed grievances related to the denial, delay, and interference with his medical treatment, but he claims the facility failed to process or otherwise respond to his grievances. (*Id.* at 17.)

## STANDARDS OF REVIEW

### I. Summary Judgment

A court shall grant summary judgment if a party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If

no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123 24 (4th Cir. 1990).

"As the moving party, Defendants are required to identify those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which they believe demonstrate the absence of genuine issues of material fact." *Perez v. Arnold Transp.*, No. 3:15-cv-3162-TLW, 2018 WL 2301850, at *3 (D.S.C. Feb. 12, 2018) (quoting *Celotex*, 477 U.S. at 323). "As the nonmoving party, Plaintiff[ ] must then produce specific facts showing that there is a genuine issue for trial." *Id.* (citing *Celotex*, 477 U.S. at 317). "Plaintiffs may not rest on mere allegations or denials; they must produce 'significant probative evidence tending to support the complaint.' " *Id.* (quoting *Anderson*, 477 U.S. at 248). In other words, "the nonmoving party must go beyond the facts alleged in the pleadings and instead rely upon affidavits, depositions, or other evidence to show a genuine issue for trial." *Crawford v. Newport News Indus. Corp.*, No. 4:14-cv-130, 2018 WL 4561671, at *2. (E.D. Va. Mar. 2, 2018) (citing *Celotex*, 477 U.S. at 317), adopted in part, 2018 WL 2943445 (E.D. Va. June 11, 2018), appeal dismissed sub nom. *Kershaw v. Newport News Indus. Corp.*, 2018 WL 8058614 (4th Cir. Oct. 25, 2018). "When cross-motions for summary judgment are before a court, the court examines each motion separately, employing the familiar standard under Rule 56 of the Federal Rules of Civil Procedure." *Desmond v. PNGI Charles Town Gaming, L.L.C.*, 630 F.3d 351,

354 (4th Cir. 2011).

## II.  The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **DISCUSSION**

In his Report, the Magistrate Judge outlined the evidence of record and the parties' arguments in light of the applicable law and determined, first, that the evidence submitted by Defendants Boards and Harris supports a finding that Plaintiff failed to exhaust his administrative remedies. (ECF No. 156 at 11-14.) The Magistrate Judge also found that Plaintiff failed to show that he was prevented, through no fault of his own, from availing himself of the available grievance process. Accordingly, the Magistrate Judge recommended that the Court grant Defendants' motion for summary judgment on this basis.

Second, out of an abundance of caution, the Magistrate Judge also addressed Plaintiff's claim that Defendants acted with deliberate indifference to his serious medical needs. (*Id.* at 14.) After outlining the applicable law, the evidence of record, and the parties' arguments, the Magistrate Judge found that no reasonable juror could find that Defendants were deliberately indifferent to Plaintiff's serious medical needs. (*Id.* at 14-18.) Accordingly, the Magistrate Judge recommended that the Court grant the motion for summary judgment filed by Defendants Boards and Harris. (*Id.* at 18.)

As to Plaintiff's request for additional discovery, which he filed in response to Defendants' motion for summary judgment, the Magistrate Judge explained that Plaintiff failed to specify the discovery he requested, and even if he had, his requests came long after the close of discovery. (*Id.*) The Magistrate Judge also found no evidence to support Plaintiff's conclusory argument that the evidence produced by Defendants is fraudulent, inauthentic, or incomplete, or to support Plaintiff's argument that Defendants failed to provide him an opportunity to review his medical records. (*Id.* (citing ECF Nos. 112, 133).) Ultimately, the Magistrate Judge found that Plaintiff failed to meet his burden of demonstrating that he is entitled to judgment as a matter of law and recommended that the Court deny his motion for summary judgment. (*Id.*)

Next, the Magistrate Judge found that Defendants are entitled to qualified immunity because Plaintiff failed to demonstrate that the facts, when viewed in his favor, demonstrate that Defendants violated his constitutional rights. (*Id.* at 19.) In addition, the Magistrate Judge determined that Defendants are entitled to Eleventh Amendment immunity from Plaintiff's claims for money damages against them in their individual capacities. (*Id.*)

With respect to Defendant Martin, who had not yet been served when the Magistrate Judge issued his Report,[1] and who thus did not join the other Defendants' motion for summary judgment, the Magistrate Judge found that Martin is entitled to summary judgment for the same reasons that Defendants Boards and Harris are entitled to summary judgment. (*Id.* at 20.)

Next, the Magistrate Judge outlined Plaintiff's motions for default judgment against Martin and his motion for default against all Defendants. (ECF Nos. 72, 74.) After setting forth the applicable law, the Magistrate Judge recommended that the Court deny Plaintiff's motion for default judgment against Martin, noting that there has been no entry of default by the Clerk as to Martin and that Plaintiff failed to show that she was properly served prior to his motion. (ECF No. 156 at 22.) Likewise, the Magistrate Judge recommended that the Court deny Plaintiff's motion for default judgment as to all Defendants, explaining that Plaintiff failed to offer a valid reason for the Court to reconsider its prior order, which extended the deadline for Boards and Harris to file their answers, and that Plaintiff did not suffer any prejudice by the Court's extension of the deadline. (*Id.*) As the Magistrate Judge noted, Plaintiff filed his motion for default judgment before the deadline set by the Court for Defendants to answer.

As to Plaintiff's motion to instruct, wherein he seeks injunctive relief requiring the mail room director to deliver his mail within 48 hours and to provide Plaintiff with more envelopes and paper, the Magistrate Judge noted that Plaintiff's motion sets forth a new

---

[1] Defendant Martin has now been served and filed her answer to Plaintiff's amended complaint on February 20, 2025. (ECF No. 171.) According to her answer, she is more properly known as Heather Johnson, but for the sake of clarity, the Court will continue to refer to her as Defendant Martin. (*Id.*)

claim unrelated to the allegations in this case or the named Defendants.  (*Id.* at 22-23.)  The Magistrate Judge thus found that this issue is not properly before the Court and that Defendants did not play any role in the alleged mail problem.  Accordingly, the Magistrate Judge recommended that the Court deny this motion.  (*Id.*)

Next, the Magistrate Judge considered the motion to strike filed by Defendants Boards and Harris, wherein they asked the Court to strike the affidavits and declaration submitted by Plaintiff on December 2, 2024.  (*See* ECF Nos. 142, 141, and 153.)  The Magistrate Judge agreed with Defendants that these documents do not contain relevant material to support Plaintiff's underlying claims, and he thus recommended that the Court deny Defendants' motion to strike as moot.  (ECF No. 156 at 23-24.)

In his objections to the Magistrate Judge's Report, Plaintiff first objects to the second paragraph of page three of the Report, which explains that when Defendants Harris and Boards moved for an extension of time to file an answer, the Court extended the deadline to July 30, 2024.  (ECF No. 160 at 1 (citing ECF No. 156 at 3).)  This section of the Report further outlines Plaintiff's motions for default filed on July 19 and July 24, 2024.  According to Plaintiff's objections, however, defense counsel violated the Court's Local Rules by not timely notifying Plaintiff of his appearance.  After *de novo* review, the Court finds this objection wholly without merit.

Next, Plaintiff objects to pages four and five of the Report, where the Magistrate Judge directly quotes the summary of Plaintiff's medical history that Defendant Boards submitted.  (ECF No. 160 at 1; ECF No. 156 at 4-5 (quoting ECF Nos. 100-3).)  Specifically, Plaintiff contends that the note dated 12/5/20, which indicates that Plaintiff failed to take medication and signed a refusal form, is forged, and he claims his signature

8

was cut and pasted from another document. (*Id.*) Plaintiff also objects to the note dated 1/26/22, as he contends that his first encounter with Boards was in February of 2022 but that Defendants failed to produce those entries. (ECF No. 160 at 2.) Next, Plaintiff objects to the entry dated 4/14/22, because he claims there is no blood pressure check in his records from January of 2022 through July of 2022. (*Id.*) Plaintiff also asserts, with respect to the 7/6/22 entry, that he was given nine pills and that Defendants failed to disclose such. As to the entry dated 7/7/22, Plaintiff asserts that his labs did not come back normal but came back stating high LCD numbers. (*Id.*) With respect to the entry dated 7/15/22, Plaintiff objects that he does not use drugs, smoke cigarettes, or drink. (*Id.*) Plaintiff also objects to the entry dated 8/2/22, asserting that his medicines began being crushed on 7/11/22. (*Id.*)

After *de novo* review, it appears that the Magistrate Judge accurately quoted the materials submitted by Defendants, and the Court finds no error in the Magistrate Judge's recitation. Furthermore, nowhere in Plaintiff's objections to these quoted materials does Plaintiff cite to any evidence to support his contradictory, conclusory assertions. Regardless, even accepting as true Plaintiff's conclusory assertions, the Court finds they do not alter the ultimate analysis or outcome of this matter, for the reasons set forth in greater detail below. Accordingly, the Court overrules these objections.

Plaintiff next objects to the entirety of page six of the Report and asserts that Defendant Boards had all of his medication crushed, and Plaintiff further asserts that Defendants acknowledged the declaration of Demetrius Bailey but failed to acknowledge the declaration of Conrad Slocumb. (*Id.*) After review, the Court finds no merit to this objection, as page six of the Report merely outlines the declarations submitted by

Defendants as well as the declaration of Bailey, which was submitted by Plaintiff in response to Defendants' motion.[2]

Plaintiff also objects to pages seven and eight of the Report, where the Magistrate Judge outlines the affidavit of Felecia McKie and takes judicial notice of the SCDC inmate grievance policy and procedure. (ECF No. 160 at 2-3; ECF No. 156 at 6-8.) Plaintiff states:

> McKie alleges she reviewed grievances filed between November 2021 and August 222. On page 7 third paragraph it states all grievance forms are picked up daily. Then in the second paragraph on page 8 she allege[s] on September 13, 2022, she received one dated August 1, 2022. But in a request to staff submitted with this original complaint there's one to Sgt. P. Hodges stating he placed on about medical in the grievance box on August 1, 2022, and it[']s in the plaintiff's tablet which the defendant[ ]s fail[ed] to disclose. In one of the sham affidavits, Ms. McKie disclose[d] on September 9th is stays under oath its dated September 1, 2022. The plaintiff got transferred from Kirkland on August 16, 2022. McKie did NOT respond to the grievance due to a [illegible] C. Williams whoever that is made a determination not Ms. Mckie.

(ECF No. 160 at 3 (emphasis in original).)

Here, after *de novo* review, the Court finds that, even accepting Plaintiff's objection as true, it does not change the Court's ultimate analysis of Plaintiff's failure to exhaust, which the Court addresses in greater detail below. Accordingly, this objection is overruled.

Plaintiff also objects to page 12 of the Magistrate Judge's Report and reiterates his assertion that McKie's affidavit is a sham affidavit. He further objects to the first paragraph on page 13 of the Report, where the Magistrate Judge explained that Plaintiff's grievance was returned without a decision based on Plaintiff's failure to "provide the Kiosk Reference

---

[2] Plaintiff asserts that Defendants are "attempting to omit the declaration of Conrad Slocumb who was present at the time in question," but the Court notes that the only declaration attached to his response in opposition to Defendant's motion is the declaration of Bailey. (*See* ECF Nos. 112 and 112-1.)

[number] or attach the answered Request to Staff Form regarding [his] informal resolution attempt on this issue as is required in GA.01.12 Inmate Grievance Procedures." (ECF No. 156 at 13 (quoting ECF No. 11-4 at 16.)  According to Plaintiff's objection, there is no reference number and staff has 45 days to respond to paper requests.  (ECF No. 160 at 3.)  Plaintiff further asserts that the inmate grievance system is a dead end.  (*Id.*)

After *de novo* review, the Court agrees with the Magistrate Judge that, even if Plaintiff's evidence supports his assertion that his grievance should have been considered an emergency grievance, the SCDC policy states that the Inmate Grievance Branch Chief/Designee will determine if a grievance warrants being processed as an "emergency." (ECF No. 100-4 at 12.)  The policy further provides that if a grievance is not determined to be an emergency, then the Inmate Grievance Coordinator will be notified and "the grievance will then be routinely processed through the system as if it were a normal grievance." (*Id.*)  Thus, as the Magistrate Judge properly explained, Plaintiff's grievance ultimately was subject to the initial requirements outlined in the Report, and Plaintiff offers no evidence to refute that his step one grievance was returned unprocessed.  Plaintiff also offers no evidence to show that he either cured the identified deficiencies or refiled his unprocessed grievance.  Furthermore, contrary to Plaintiff's assertion that the grievance system is a "dead end," the Court agrees with the Magistrate Judge that Plaintiff has not shown that the administrative process was effectively not available to him.  Accordingly, Plaintiff failed to properly exhaust his administrative remedies.  Even so, however, the Court, like the Magistrate Judge, will consider the merits of Plaintiff's claims against Defendants.

In the Report, the Magistrate Judge agreed with Defendants that Plaintiff fails to

11

meet the subjective component of his claim because the evidence does not show that Defendants acted with deliberate indifference to Plaintiff's medical need. Plaintiff objects to this page of the Report and asserts that it is unfair, and he repeats his conclusory assertion that the records relied on by Defendants are forged. (ECF No. 160 at 4 (objecting to ECF No. 156 at 16).) Plaintiff also objects to page 17 of the Report, where the Magistrate Judge refers to the declaration of Bailey submitted by Plaintiff but does not refer to the declaration of Slocumb. (*Id.* (objecting to ECF No. 156 at 17.) Plaintiff further asserts that he has never failed a drug test. (*Id.*)

After *de novo* review, the Court again finds Plaintiff's objection unavailing, and the Court agrees with the Magistrate Judge that, after viewing all of the evidence in the light most favorable to Plaintiff, the records show that Defendants made multiple efforts to lower Plaintiff's blood pressure with medication, and the records further show that Plaintiff did not always comply with medical instructions. Ultimately, the Court agrees with the Magistrate Judge that no reasonable jury could find that Defendants acted with deliberate indifference, as the treatment given was not so grossly incompetent or inadequate to shock the conscience or show fundamental unfairness. Moreover, as the Magistrate Judge properly noted, mere negligence, malpractice, or incorrect diagnosis is not actionable, and Plaintiff's disagreement with the course of treatment does not support an Eighth Amendment claim. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Jackson v. Sampson*, 536 F. App'x 356, 357 (4th Cir. 2013) (citation omitted); *Hixson v. Moran*, 1 F.4th 297, 303 (4th Cir. 2021) (quoting *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990)); and *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975). Here, Plaintiff offers no evidence to support his bald assertions that the medical records before the Court are forged, edited, or incomplete, and

the Court agrees with the Magistrate Judge that Defendants are entitled to summary judgment on Plaintiff's claim for deliberate indifference to serious medical needs.

Next, Plaintiff objects to the Magistrate Judge's findings that Defendants are entitled to qualified immunity and Eleventh Amendment immunity, asserting that his rights were clearly established in *Estelle*. As previously explained, however, after viewing the evidence in the light most favorable to Plaintiff, Plaintiff cannot demonstrate that Defendants violated his rights as set forth in *Estelle*. The Court thus finds no merit to Plaintiff's objection.

Plaintiff also objects to the Magistrate Judge's findings and recommendations as to Defendant Martin, asserting that she is in default. (ECF No. 160 at 6 (objecting to ECF No. 156 at 20).) As the Magistrate Judge correctly explained, however, there has been no entry of default as to Defendant Martin, and Plaintiff did not meet his burden of showing that she was properly served prior to his motions for default judgment. It now appears that Defendant Martin has been properly served and has filed an answer, and although Martin did not join in the motion for summary judgment filed by Boards and Harris, the Court agrees with the Magistrate Judge that the rationale for granting summary judgment in their favor applies equally to Martin. Thus, the Court finds that Martin is entitled to summary judgment for the same reasons that Defendants Boards and Harris are entitled to summary judgment.

Plaintiff's final objection is to page 23 of the Magistrate Judge's Report, where the Magistrate Judge explains that Plaintiff's claims related to the mail room employees, who are not named in this action, are not properly before the Court. (ECF No. 160 at 5 (objecting to ECF No. 156 at 23).) Plaintiff then repeats his claims that he has been on lockup and has been denied books and his tablet and has not had access to evidence, and

13

Plaintiff again contends that he has been denied access to discovery.

After *de novo* review, the Court agrees with the Magistrate Judge that these claims are not properly before the Court. Accordingly, the Court denies Plaintiff's motion for injunctive relief aimed at the mail room director and mail room employees.

Plaintiff does not object to the Magistrate Judge's recommendation as to the motion to strike filed by Defendants Boards and Harris, and the Court finds no clear error in the Magistrate Judge's analysis. (ECF No. 156 at 23-24.) Accordingly, the Court denies this motion as moot.

Finally, the Court notes that, in addition to reviewing Plaintiff's objections, the Court also reviewed all of the additional affidavits, exhibits, and motions filed by Plaintiff following issuance of the Magistrate Judge's Report. (ECF Nos. 158-63; 170; and 175-77.) After careful review, however, the Court finds that none of these filings alter the Court's ultimate analysis or otherwise impact the final outcome of this matter. Stated simply, the Court agrees with the Magistrate Judge that Plaintiff failed to properly exhaust his administrative remedies, and that, regardless of whether Plaintiff exhausted his administrative remedies, Defendants are entitled to summary judgment on Plaintiff's claims for the numerous reasons set forth by the Magistrate Judge. Additionally, contrary to Plaintiff's repetitive filings indicating otherwise, the Court plainly reiterates that no entry of default was entered by the Clerk as to any Defendant in this case, and Plaintiff is not entitled to a default judgment against any Defendant at this time.

## **CONCLUSION**

Based on the foregoing, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 156); the Court overrules Plaintiff's objections (ECF

No. 160); the Court grants the motion for summary judgment filed by Defendants Boards and Harris (ECF No. 100); the Court grants summary judgment in favor of Defendant Martin for the same reasons it grants summary judgment in favor of Boards and Harris; the Court denies Plaintiff's motion for summary judgment (ECF No. 133); the Court denies Plaintiff's motions for default judgment (ECF Nos. 72, 74, 84, 161, and 177); the Court denies as moot all remaining motions (ECF Nos. 76, 83, 87, 91, 92, 103, 110, 143, 154, 175, and 176); and this matter is hereby ended.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 5, 2025
Charleston, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are notified that any right to appeal this order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.